1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    SANDRA SPONCLER, as the personal          )
      representative of the Estate of GENE C.   )
11    SPONCLER, deceased                        )
                                                )
12              *Plaintiff*,                     )        CASE NO.     2:19-cv-112-BJR
                                                )
13              v.                               )
                                                )        ORDER GRANTING MOTION
14    BNSF RAILWAY COMPANY, f/k/a               )        TO TRANSFER VENUE TO THE
      Burlington Northern and Santa Fe Company,)        EASTERN DISTRICT OF
15                                              )        WASHINGTON
                                                )
16              *Defendant*.                     )
                                                )
17                                              )
                                                )
18    _____)

19
20

I.      INTRODUCTION

21        Plaintiff Sandra Sponcler, the personal representative of the estate of her husband Gene

22    C. Sponcler ("Plaintiff"), brings this negligence action against Defendant BNSF Railway

23    Company f/n/a Burlington Northern and Santa Fe Company ("Defendant").  Plaintiff alleges that

24    her husband was exposed to toxic substances during his 41-year career with Defendant. She

25    further alleges that Defendant was negligent in its duty to provide her husband with a safe work

1

environment and that Defendant's negligence caused or contributed to her husband's cancer, to which he eventually succumbed.

Defendant moves to transfer this case to the Eastern District of Washington pursuant to 28 USC § 1404(a). It alleges that the Eastern District is the location of: (1) the facts underlying this lawsuit, (2) Plaintiff's husband's work and home at the time of the alleged exposures, (3) Plaintiff's current home, (3) all of her husband's relevant medical treatment, and (4) the vast majority of witness and evidence that will be used in this case. Plaintiff does not oppose the motion.

Having reviewed the motion, the record of this case, and the relevant legal authorities, the Court will grant the motion. The reasoning for this Court's decision is set forth below.

## II.    FACTUAL BACKGROUND

Plaintiff's husband worked at Defendant's Spokane, Washington facility during his entire 41-year career with the railway. His direct supervisors and co-workers also lived and worked in or near Spokane County. *See* Winkeller Decl., Ex. 1. Plaintiff does not identify a single potential witness who resides west of the Cascades in her initial disclosures and responses to Defendant's First Set of Interrogatories and Requests for Production. *Id.*, Ex. 2, Plaintiff's responses to Interrogatory Nos. 1, 2, 4, 5, 7, 10, 13, 19 (pp. 1-3, 5-10, 13-14, 19-20); and Ex. 3 (Plaintiff's Initial Disclosures).

Plaintiff and her husband lived in Chattaroy, Washington, in the Eastern District of Washington and Plaintiff continues to live there now. Winkeller Decl., Ex. 1; Complaint ¶ 2, Dkt. # 1 at p. 1. According to Plaintiff's initial disclosures and her responses to Defendant's First Set of Interrogatories and Requests for Production, Plaintiff's husband was treated for his cancer exclusively in the Eastern District. Winkeller Decl., Ex. 2, Plaintiff's answer to Interrogatory No.

2

5 (page 7) and Ex. 3. In addition, Defendant alleges that most of its witnesses are also likely to be in the Eastern District. *See*, Winkeller Decl., Ex. 1.

## III.    DISCUSSION

"[A] district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964). The statute has two requirements: (1) that the district to which defendants seek to transfer the action is one in which the action might have been brought, and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice. *Id*.

Based on the foregoing facts, transferring this action to the Eastern District of Washington is clearly appropriate. There is no dispute that the case could have been brought in the Eastern District, that transferring the case to the Eastern District would be convenient for all of the parties and witnesses identified, and that the transfer would be in the interest of justice. The facts, witnesses, and evidence in this case are all centered around Spokane, Washington, where Plaintiff's husband worked for more than 40 years, was treated for his cancer, and remained until his death. This case has no connection to the Western District of Washington other than the fact that Plaintiff's local counsel is in Seattle. Therefore, transferring this case to the Eastern District is warranted under 28 U.S.C. § 1404(a).

## IV.    CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Defendant's Motion to Transfer Venue to the Eastern District of Washington.

Dated this 5th day of August, 2019.


_____
Barbara Jacobs Rothstein
U.S. District Court Judge