FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA SPONCLER, as the personal representative of the Estate of Gene C. Sponcler,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, formerly known as Burlington Northern and Santa Fe Railway Company,<br><br>Defendant. | No.  2:19-cv-00286-SMJ<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court is Magistrate Judge Dimke's January 6, 2021 Report and Recommendation, ECF No. 70, recommending that the Court deny Defendant BNSF Railway Company's Motion for Summary Judgment, ECF No. 58. Defendant timely filed objections, ECF No. 71, and Plaintiff responded, ECF No. 73. Defendant asserts the statute of limitations bars Plaintiff's claims under the Federal Employer's Liability Act ("FELA"). ECF No. 58 at 2, 6 (citing 45 U.S.C. § 56 (setting forth a three-year statute of limitations)); *see also* ECF Nos. 68, 71. But the Court agrees with Plaintiff and Magistrate Dimke that there is a genuine dispute of material fact, so a jury must decide the issue.

ORDER ADOPTING REPORT AND RECOMMENDATION – 1

# BACKGROUND[1]

Plaintiff Sandra Sponcler, on behalf of the estate of Decedent Gene Sponcler, sued Defendant under FELA, alleging that his workplace exposure to diesel exhaust and asbestos caused his cancer, from which he ultimately died. ECF No. 1 at 3.

Decedent worked for Defendant from 1963 to 2004 as a laborer, brakeman, and conductor. ECF No. 60-1 at 1–2. He was diagnosed with kidney cancer in late 2010. ECF No. 60-1 at 7; ECF No. 60-2. In two of his treatment records, from 2010 and 2012, the "Social History" section lists, among other things, that Decedent was exposed to asbestos in Libby, Montana through his work. ECF No. 60-2 at 2; ECF No. 60-3 at 3.

Decedent died on January 25, 2016, and Plaintiff sued on January 24, 2019. ECF No. 67-2 at 3; ECF No. 1. Defendant argues that based on the notation regarding Decedent's workplace exposure in his medical records, Decedent had constructive notice of the workplace exposure as a potential cause of his injuries in 2010. *See* ECF No. 58. Yet for Plaintiff's claim to be timely, Decedent could not have had constructive notice of the cause of his injuries before his death, three years before Plaintiff sued. *See* 45 U.S.C. § 56.

//

---

[1] Because Magistrate Judge Dimke's Report and Recommendation, as well as the parties' briefing, properly sets out the procedural and factual background of this case, the Court sets forth only a summary here. *See* ECF Nos. 58, 65, & 70.

ORDER ADOPTING REPORT AND RECOMMENDATION – 2

## LEGAL STANDARD

When a party files a timely objection to a Magistrate Judge's recommendation, the District Court must make a *de novo* determination about each portion of the recommendation to which the party objected. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## DISCUSSION

Defendant raises three objections. It argues that Magistrate Dimke erred by (1) failing to properly address burden of proof; (2) determining there is an issue of triable fact as to whether decedent had constructive notice that a workplace exposure could have been a cause of his cancer; and (3) failing to strike Plaintiff's tardy response. ECF No. 71. The Court has conducted a *de novo* review of each issue and ultimately agrees with Magistrate Dimke's Report & Recommendation.

**A.    The Report and Recommendation properly allowed Plaintiff's response**

Defendant urges the Court to grant its motion for summary judgment because Plaintiff filed her response three days after the deadline, without seeking leave of the court. *See* ECF No. 65; LCivR 7(c). Failure to comply with filing deadlines of

Local Civil Rule 7 "*may* be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR 7(e) (emphasis added); *see also* Fed. R. Civ. P. 56 (e) ("If the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.") (emphasis added).

Defendant complains that its time for reply was "cut[] . . . in half" by the three-day-late response. ECF No. 71 at 11. This argument fails. Local Civil Rule 7(d)(2) states that the deadline for filing a reply is "14 days after the filing of a response to a dispositive motion." Defendant's deadline was thus calculated from the time of Plaintiff's late filing, not from when Plaintiff should have filed it. And Defendant had fourteen, not seven, days to reply. *See id.* It thus replied four days *before* even its original deadline and did not suffer any prejudice. Although Plaintiff has not offered any explanation for her untimely filing, *see* ECF Nos. 65, 73, the Court is well within its discretion to consider the response and agrees with the Report and Recommendation that an order on the merits is preferrable to a procedural default.

Nevertheless, the Court reiterates Magistrate Dimke's admonishment to Plaintiff's counsel to ensure familiarity and adherence to the Local Civil Rules. Despite this caution, Plaintiff's response to Defendant's objections contain many of the same errors *explicitly* referenced in the Report and Recommendation. *Compare* ECF No. 70 at 7 *with* ECF No. 73. It appears that most of Plaintiff's response to

ORDER ADOPTING REPORT AND RECOMMENDATION – 4

Defendant's objections merely copied and pasted from her response to the motion for summary judgment. *Compare* ECF No. 65 *with* ECF No. 73.

> The violation of or failure to conform to any of the Local Rules of this Court may subject the offending party or his attorney, at the discretion of the Court, to appropriate discipline, including the imposition of sanctions, attorney fees, and costs as the Court may deem proper under the circumstances.

LCivR 83.3(k)(1)(C). The Court cautions Plaintiff's counsel that any further violation of the Local Civil Rules will result in sanctions.

**B.   The Report and Recommendation properly determined that an issue of triable fact exists as to constructive notice**

**1.   Burden of Proof**

Magistrate Dimke did not err in failing to explicitly address Plaintiff's burden of proof in its Report and Recommendation. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of any genuine issues of material fact. *Id.* at 323. The nonmoving party must then identify specific facts showing there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The court must then decide if a reasonable jury could find in favor of the

ORDER ADOPTING REPORT AND RECOMMENDATION – 5

nonmoving party. In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255.

True, at trial Plaintiff will have to convince the jury that it has met its burden of proof. *See Emmons v. Southern Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983); *see also Urie v. Thompson*, 337 U.S. 163 (1949). Plaintiff may face an uphill battle, but, as explained below, a reasonable jury could find that Decedent did not have constructive or actual notice of the cause of his injuries before his death, even considering Plaintiff's burden at trial.

### 2. Constructive Notice

In FELA cases, "a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Fries v. Chicago & Nw. Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990). A person need not have actual knowledge of the work-related cause. Rather, "it is enough that [the plaintiff] knew his work was a possible cause of his injury to trigger a duty to investigate his work conditions and pursue potential claims." *Hajek v. Burlington N. Santa Fe R.R. Co.*, 14 F. App'x 974, 975–76 (9th Cir. 2001); *see also Albert v. Maine Cent. R. Co.*, 905

F.2d 541, 544 (1st Cir. 1990) (rejecting the argument that "an injured party is ignorant on medical causation issues until he has received a diagnosis that his injury is work related."). This is known as the "discovery rule." *Albert*, 905 F.2d at 543.

Yet due to the many suspected causes of cancer, "a potential plaintiff, on learning that he has cancer, lacks the usual incentive to investigate the possibility that the known injury may give rise to a legal claim." *O'Connor v. Boeing N. Am.*, 311 F.3d 1139, 1150 (9th Cir. 2002) (quoting *Maughn v. Sw. Servicing*, 785 F.2d 1381, 1385 (10th Cir. 1985)). "When a plaintiff may be charged with awareness that his injury is connected to some cause should depend on factors including how many possible causes exist and whether medical advice suggests an erroneous causal connection or otherwise lays to rest a plaintiff's suspicion regarding what cause his injury." *Dubose v. Kansas City S. Ry.*, 729 F.2d 1026, 1031 (5th Cir. 1984); *see also O'Connor*, 311 F.3d at 1150 (same). While courts in different circuits have applied varyingly stringent standards for constructive notice in the FELA context, the Report and Recommendation properly surmises and applies the Ninth Circuit approach while also considering comparable facts from out-of-district cases.

The Ninth Circuit's approach to applying the duty to investigate in determining when the statute of limitations begins to run in cases involving cancer does not render illusory the constructive notice prong of the discovery rule. Instead,

ORDER ADOPTING REPORT AND RECOMMENDATION – 7

it merely underscores the importance of a jury determination of this fact intensive issue. Magistrate Dimke conducted a thorough review of the discovery rule and its application in other FELA cases. The Court agrees with her analysis and is unpersuaded by Defendant's final attempts to undermine it, so it need not repeat it here in its entirety. *See* ECF No. 70 at 10–22; ECF No. 71 at 5–11. Instead, the Court addresses Defendant's concerns through its analysis below.

The record shows that Decedent knew of his workplace exposure and relayed that to his doctors, in the context of a social history assessment. ECF No. 60-2 at 2; ECF No. 60-3 at 3. But his diagnosis came at least six years after his exposure. *See* ECF No. 60-1 at 3; ECF No. 60-2 at 2; *see also York v. BNSF Ry. Co.*, No. 1:17-cv-1088-RM-STV, 2019 WL 764574, at *5 (D. Colo. Feb. 21, 2019) (denying summary judgment when, among other factors, plaintiffs work predated his diagnosis by at least thirteen years).[2] And the record does not show that decedent voiced any suspicion, to his doctors or otherwise, that his workplace exposure caused his cancer. *See, e.g.*, ECF Nos. 60-2, 60-3; *see also* ECF No. 60-1 at 21–22 (Plaintiff does not know when, if ever, Decedent first suspected his cancer may have been caused by workplace exposure). *York*, 2019 WL 764574, at *5; *cf. West v.*

---

[2] The Court recognizes that thirteen years is significantly longer than six years. Yet the separation between the exposure and his diagnosis is such that a reasonable jury could find that it weighs in favor of Plaintiff. *Cf.* 2019 WL 764574, at *5 (noting the case was a "close call").

ORDER ADOPTING REPORT AND RECOMMENDATION – 8

*Union Pac. R.R. Co.*, 8:17CV36, 2019 WL 7586542, at *1 (D. Neb. Dec. 20, 2019). His medical reports do not show that his doctors told him about any possibility of a causal connection. ECF Nos. 60-2, 60-3. And the social history section also included information unrelated to cancer risk. *See* ECF No. 60-2 at 2; ECF No. 60-3 at 3.

Defendant argues that "[t]he only reasonable conclusion that can be drawn" from the fact that Decedent told his doctors of his workplace exposure is that Decedent believed—or reasonably should have believed—that the exposure may have caused his cancer. ECF No. 71 at 2–3. This Court disagrees. To be sure, there is no evidence that any of his doctors gave him incorrect medical advice as to the potential cause of his cancer. *Cf. Chamness v. United States*, 835 F.2d 1350, 1353 (11th Cir. 1988) ("plaintiffs seeking to understand the cause of an injury may reasonably rely on advice and assurances by doctors"). But maybe the doctor asked a string of questions on various topics to get an understanding of the patient's history, both in relation to his cancer diagnosis or otherwise, such that Decedent reasonably did not know the purpose of the questioning. Perhaps Decedent could only have reasonably been expected to know of *general* impacts of the exposure to his health, but not that it could cause cancer. *See Greger v. Union Pac. R.R. Co.*, No. 8:18CV577, 2020 WL 3489521, at *5 (D. Neb. June 26, 2020) (denying summary judgment and reasoning that plaintiff's deposition testimony "establishes

ORDER ADOPTING REPORT AND RECOMMENDATION – 9

only that he knew some aspects of his work over forty-six years may have been bad for his health. That is different than having knowledge of the fact that exposures at work cause his cancer."). Or perhaps Defendant is right, and Decedent should have known that the exposure was a potential cause of his cancer from the discussion at his appointments or at least investigated the cause. *Cf. Id.* at \*5 (acknowledging that plaintiff "conducted some investigation" as to the cause of his cancer). But that is not for the Court to decide in this case. A jury must determine whether Decedent should have reasonably "ma[de] the mental leap" from his exposure to his cancer. *See York*, 2019 WL 764574, at \*5.

## CONCLUSION

"The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable." *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 115 (1963). A reasonable jury could find the mere mention of workplace exposure at a doctor appointment, or even a general knowledge of asbestos' adverse health effects, is not sufficient to constitute constructive knowledge that Decedent's exposure was a potential cause of his cancer. After reviewing the Report and Recommendation, Defendant's objections and Plaintiff's response, as well as the relevant legal authorities, and having conducted a *de novo* review of the issues raised in the objections, the Court finds

Magistrate Dimke's findings are correct. Therefore, the Court adopts her Report and Recommendation in its entirety.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation, **ECF No. 70**, is **ADOPTED** in its entirety.

2. Defendant BNSF Railway Company's Motion for Summary Judgment, **ECF No. 58**, is **DENIED**.

3. The parties shall file a joint status report with proposed dates and deadlines in this mater by no later than **two weeks** from the date of this Order.

4. Any further violations of the Local Civil Rules by Plaintiff's counsel will result in sanctions.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and Magistrate Judge Dimke.

**DATED** this 10th day of March 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge